IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-487-FL

| | |
|---|---|
| JOHNISSIA STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STEVE BOST; IBM; GERALD ) | ORDER |
| PRICE; CINDY YOKLEY; LALECHA ) | |
| WATKINS; TOM BRADICICH; ) | |
| MICHAEL DUBROW; and LAFONDA ) | |
| RICHBURG, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on plaintiff's motion to appoint counsel (DE # 21), to which no response timely was filed. Also before the court is defendants' motion to dismiss (DE # 23), to which plaintiff filed a late response in opposition, to which defendants filed a reply. In this posture, the issues raised are ripe for review. For the reasons that follow, plaintiff's motion to appoint counsel is DENIED, and defendants' motion to dismiss is GRANTED.

**STATEMENT OF THE CASE**

*Pro se* plaintiff initiated this Title VII case on November 5, 2010. Plaintiff's amended complaint was filed November 29, 2010. Defendants named in the amended complaint are: International Business Machines Corporation ("IBM"), Gerald Price ("Price"), Cindy Yokley ("Yokley"), Lalecha Watkins ("Watkins"), Lafonda Richburg ("Richburg"), Michael Dubrow ("Dubrow"), Steve Bost ("Bost"), and Tom Bradicich ("Bradicich") (collectively, "defendants").[1]

---

[1] Plaintiff's original complaint also named Robert Swann ("Swann") and Cedric Cook ("Cook") as defendants. Swann and Cook were not named as defendants in plaintiff's amended complaint. Accordingly, Swann and Cook are considered terminated from the action.

Plaintiff complains that defendants failed to promote her, and also engaged in "other acts" which include: "discrimination within the same race," "discrimination by sex/gender," "retaliation based on a rumor," "racketeering and rallying local entities against me," "conspiring to discredit employee personally and professionally," "severe emotional distress," "stalking," "intentional and reckless disregard," "defamation," "violation of privacy," "sexual harassment," and "slander." (Am. Compl. ¶ 4). Plaintiff alleges the conduct complained of was discriminatory with respect to her race, religion, and sex.[2]

Plaintiff moved for appointment of counsel on February 17, 2011. No response was filed to plaintiff's motion. Defendants moved to dismiss the amended complaint on March 10, 2011. On April 8, 2011, the court granted defendants' motion to continue the scheduling deadlines established by the court's initial order pending resolution of the motion to dismiss. Plaintiff filed a late response to defendants' motion to dismiss on April 19, 2011, to which defendants replied on May 6, 2011.

## STATEMENT OF FACTS

A.  Allegations of the Amended Complaint

The allegations of the amended complaint are wandering and disjointed. With some difficulty, the court has discerned the following allegations.

At all relevant times up to the filing of the amended complaint, IBM was plaintiff's employer. (Am. Compl. ¶ 5) IBM employs approximately 5,000 individuals. (Id., ¶ 2) Plaintiff alleges that defendants discriminated against her on the grounds of race, religion, and sex, beginning in 2009 and continuing throughout 2010. (Id., ¶¶ 6, 8)

---

[2] Plaintiff additionally marked the box for "other [discrimination] as specified below," but did not specify any other types of discrimination.

On January 27, 2010, plaintiff discovered that Watkins had started an unspecified rumor about plaintiff. (Id., ¶ 9) Watkins revealed to plaintiff that effort had been made to "blacklist" plaintiff so that plaintiff would not be able to obtain employment in the area. (Id.) Watkins, Price, and Yokley "ensured that all the other black managers in the organization were made aware of the rumor." (Id.) Watkins, Price, and Yokley themselves were black managers or directors. (Id., ¶ 7) Plaintiff does not specifically allege her own race, but refers to these defendants as "within the same race," therefore plaintiff implicitly alleges she is black. (Id., ¶ 9)

Plaintiff was treated poorly as if she could not be trusted by "all black managers and some other races." (Id.) Richburg, a black project development team leader and plaintiff's former mentor, would not provide plaintiff with information that plaintiff requested, and behaved abusively in meetings. (Id., ¶¶ 7, 9)

Plaintiff alleges that she was the target of an unspecified and furtive "investigation." (Id., ¶ 9) Plaintiff does not specify the individuals that organized the investigation. (Id.) In general, it seems the investigation consisted of attempts to eavesdrop on plaintiff's conversations, to record plaintiff's activities in her home and in her office, and to spy on her activities at her home. Plaintiff describes the investigation as a "plan to discredit me via sound bytes from my home and office." (Id.) Plaintiff alleges that the investigation caused her emotional distress. (Id.)

Specifically, plaintiff alleges that someone was eavesdropping on her personal cell phone calls, and that the eavesdropping was confirmed by Sprint security on March 4, 2010. (Id.) One day, plaintiff had a conversation with her cousin on plaintiff's personal cell phone, during which conversation her cousin made unspecified comments about the company. (Id.) Plaintiff alleges that the next day, her cousin's computer was attacked with a virus. (Id.)

Plaintiff alleges that unspecified recordings of her in her home resulted in sexual harassment both at work and in the community. (Id.) Plaintiff does not allege the contents of the recordings or who made them, but alleges that she received unwanted attention from the men at work and that there were workplace discussions of her "personal physique" and "bathroom regimen." (Id.) In the community, plaintiff alleges that she was "flagged down" and "snickered at" by strangers. (Id.)

Plaintiff also alleges that members of her community were spying on her. (Id.) Plaintiff alleges that neighbors were standing near her yard every morning, watching her. (Id.) Further, she alleges that employees of the cable company, the airport, the trash collection service, and others were frequently in the vicinity and that she was harassed by neighbors, church members, and others. (Id.) Neighbors trespassed on her property and monitored her activities. (Id.) Plaintiff states that community members began asking her questions about work and whether she was being investigated. (Id.)

Plaintiff went to the police on March 15, 2010, to report the harassment around her home and to file a police report. (Id.) Plaintiff reports that the police officer did not file a police report despite her request that he do so. (Id.) The police officer, however, gave plaintiff unspecified warnings, and advised plaintiff to stop praying in her office, even though plaintiff had not stated that she prayed in her office. (Id.) Plaintiff states that the officer was aware of what was happening at work. (Id.)

On March 17, 2010, Dubrow began to criticize plaintiff's work and complained about things that were out of plaintiff's control. (Id.) An unnamed manager stated that Dubrow blamed plaintiff for finding out about the investigation. (Id.) Separately, Bradicich made unspecified threats and warnings. (Id.) Additionally, Yokley was hostile towards plaintiff, often addressing plaintiff in a

4

derogatory manner. (Id.) Watkins reported to plaintiff that Watkins had similar experiences with Yokley. (Id.) Yokley and Watkins made malicious statements in an attempt to have plaintiff terminated, due to what plaintiff describes as a "personal vendetta." (Id.) The "vendetta" was the apparent result of plaintiff's refusal to complete certain tasks when requested by Watkins, and also due to Yokley's fear that she was going to lose her position to plaintiff. (Id.)

B.  Plaintiff's EEOC Charge

The amended complaint states that plaintiff filed a charge of discrimination ("charge") with the Equal Employment Opportunity Commission ("EEOC") regarding the allegedly discriminatory conduct on July 15, 2010, and that plaintiff received a notice of right to sue letter from the E.E.O.C. on August 11, 2010. (Am. Compl. ¶ 11) Plaintiff did not attach any documentation of the charge or notice of right to sue letter with her amended complaint. Plaintiff did attach to the original complaint, however, a copy of her notice of right to sue letter, dated August 6, 2010, and referencing EEOC charge number 433-2010-01485. (Compl., Ex. 2).

Together with their motion to dismiss, defendants filed a copy of an EEOC charge filed by plaintiff against IBM reflecting the same charge number dated July 15, 2010.[3] (Mot. to Dismiss, Ex. 1) ("Charge"). The charge names IBM as the sole respondent. Plaintiff checked the boxes for discrimination based on religion, retaliation, and "other," leaving blank the boxes for "race" and

---

[3] Although generally extrinsic evidence may not be considered in ruling on a 12(b)(6) motion, the Fourth Circuit has held that "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)). Additionally, in determining whether subject matter jurisdiction exists in the context of a Rule 12(b)(1) motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991). The burden of providing subject matter jurisdiction is on the plaintiff. Id.

5

"sex," among others. In the particulars section of the charge, plaintiff set forth facts similar to, but more limited than, those set forth in the amended complaint.

**DISCUSSION**

A.      Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individual bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989).

Plaintiff seeks the appointment of counsel "due to the size and capacity of the case" and because she cannot afford counsel. This case is not unusually complex, nor has plaintiff asserted that she lacks the ability to prosecute her claims. Plaintiff has not demonstrated the existence of exceptional circumstances sufficient to justify the appointment of counsel. Accordingly, plaintiff's motion is DENIED.

B.      Motion to Dismiss

Defendants move to dismiss plaintiff's Title VII claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and also for failure to state a claim pursuant to Rule 12(b)(6). Because dismissal of these claims is proper pursuant to Rule 12(b)(1), the court does not address defendants' arguments under Rule 12(b)(6).

1.      Standard of Review

When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. Richmond, 945 F.2d at 768. In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id. The court is to apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists, and the moving party should prevail "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

In the context of a Title VII claim, a plaintiff's failure to exhaust administrative remedies deprives the federal courts of subject matter jurisdiction over the claim. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Before a plaintiff may file suit under Title VII, she is required to file a charge of discrimination with the E.E.O.C. See Id.; see also 42 U.S.C. § 2000e-5(f)(1). The contents of the charge determine the scope of the plaintiff's right to file a federal lawsuit. Id. "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Id. Accordingly, "a claim in formal litigation will generally be barred if the E.E.O.C. charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." Id.

7

2. Analysis

Defendants assert that the court lacks subject matter jurisdiction over plaintiff's claims due to plaintiff's failure to exhaust administrative remedies. Defendants advance two arguments that together call for the dismissal of all of plaintiff's claims against all defendants. For the reasons that follow, the court has determined that plaintiff has not met her burden to establish that subject matter jurisdiction exists. See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (holding that the plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court).

Defendants first argue that the individual defendants must be dismissed because the plaintiff failed to name the individual defendants as respondents in the EEOC charge. The charge, submitted by defendants as an exhibit to their motion to dismiss, indeed names IBM as the sole respondent. None of the individual defendants are named as respondents in the charge. In response, plaintiff argues that "although that is true that is because it was a collective attack in which I, the Plaintiff, experienced discrimination from those who make up and represent IBM as well as others in favor of IBM." (Pl.'s Resp. in Opp'n, 3)

Under Title VII, a civil action may be brought only "against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1), see also Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998). Indeed, a plaintiff may not state a Title VII claim against any defendant not named as a respondent in the EEOC charge. See Schilling v. Rutherford Pediatrics, P.A., 346 F.Supp.2d 828, 839 (W.D.N.C. 2004). The naming requirement assures that the charged parties are provided notice of the asserted violation, and permits the EEOC to attempt reconciliation. Causey, 162 F.3d at 800

8

(citing Alvarado v. Board of Trustees of Montgomery Community College, 848 F.2d 457, 460 (4th Cir. 1988)).

Courts have recognized a "substantial identity" exception to the naming requirement, which exception allows parties not named as respondents in a charge to nevertheless be held liable in civil actions under circumstances where unnamed defendants are substantially identical to named ones. See Mayes v. Moore, 419 F.Supp.2d 775, 782-83 (M.D.N.C. 2006). Factors to be considered in determining whether the substantial identity exception applies in any given case include:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulting in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Mayes, 419 F.Supp.2d at 782 (quoting Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)).

Here, plaintiff failed to name the individual defendants in the EEOC charge. Plaintiff therefore failed to put the individual defendants on notice of the asserted violation, and did not provide adequate opportunity to attempt reconciliation. Further, plaintiff does not assert that the substantial identity exception should be applied to relieve her of the naming requirement. In any event, it does not appear to the court that application of the substantial identity exception would be appropriate in this case. See, e.g., McDaniel v. Greyhound Lines, Inc., 3:08-CV-130-FDW, 2008 WL 2704774, at *3 (W.D.N.C. July 7, 2008) (finding that substantial identity exception did not apply where *pro se* plaintiff failed to name individual supervisors as respondents in her charge because "their omission as named Defendants in the charge denied them an opportunity to obtain

9

voluntary conciliation and compliance regarding either of the alleged discriminatory incidents . . .").

Here, plaintiff has failed to meet her burden of proving subject matter jurisdiction exists, as plaintiff has not established that she has properly exhausted her administrative remedies as to the individual defendants. The individual defendants Price, Yokley, Watkins, Richburg, Dubrow, Bost, and Bradicich must be and are DISMISSED from this action.

Defendants secondly argue that plaintiff's remaining claims against IBM must be dismissed for failure to exhaust administrative remedies because plaintiff's EEOC charge references different bases for discrimination than those asserted in the amended complaint. Indeed, the amended complaint asserts discrimination on the basis of race, religion, and sex, and also asserts retaliation. In the EEOC charge, however, plaintiff clearly only checked the boxes for religion, retaliation, and other, specifically leaving blank the boxes for race and sex, among others. Defendants further argue that even as to those bases of discrimination asserted in both the EEOC charge and the amended complaint (religion and retaliation), the charge contains no factual allegations that support those claims. For these reasons, defendants argue that plaintiff's claims against IBM must be dismissed for failure to exhaust administrative remedies.

Plaintiff objects to defendants' assertion that plaintiff has not exhausted administrative remedies. In her response, she references her notice of right to sue letter, refers to her selection of "other," and claims that "the additional charges are covered under the fact that the Plaintiff notes this uncertainty behind the harassment and discrimination by the statements that the retaliation and attacks had not ceased." (Pl.'s Resp. in Opp.'n, 2-3)

The law is clear that the scope of a civil action under Title VII is limited to those claims asserted in the administrative charge. If "the claims raised under Title VII exceed the scope of the

EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995)); see also Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (stating that "the allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint"). Stated differently, the factual allegations asserted in formal litigation must correspond to those allegations set forth in the administrative charge. Chacko v. Patuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005).

> For example, the plaintiff's claim generally will be barred if his charge alleges discrimination on one basis - such as race - and he introduces another basis in formal litigation - such as sex. A claim will also typically be barred if the administrative charge alleges one type of discrimination - such as discriminatory failure to promote - and the claim encompasses another type - such as discrimination in pay and benefits.

Chacko, 429 F.3d at 509 (citations omitted). Additionally, if the factual foundation in the administrative charge is too vague to support a claim later advanced in formal litigation, that claim will also be procedurally barred. Id. (citing Taylor v. Va. Union Univ., 193 F.3d 219, 239 (4th Cir. 1999) (en banc)).

The EEOC charge, submitted by defendants in support of their motion to dismiss, provides uncontroverted evidence establishing clearly that plaintiff has failed to exhaust her administrative remedies with respect to her claims against IBM.[4] First, plaintiff has failed to exhaust her administrative remedies as to any claim of discrimination on the basis of race or sex. In completing her administrative charge, plaintiff did not check the boxes corresponding to those bases of

---

[4] The court acknowledges that the EEOC charge references "attachments" which have not been submitted to the court. It is possible, therefore, that plaintiff incorporated more factual allegations in her administrative charge than are revealed on the face of the charge itself. The court, however, must rely on the evidence as submitted by the parties, which have the responsibility of providing it. Plaintiff raises no issue as to the completeness of the evidence of record.

11

discrimination, and in the particulars section made no factual allegations that could conceivably resemble such a claim.[5] Similarly, plaintiff has not exhausted her administrative remedies as to her claims of retaliation and discrimination on the basis of religion. Although plaintiff did check the corresponding boxes on the administrative charge, the factual allegations, which are limited to references to a rumor and a furtive investigation, contain absolutely no reference to religion or religious activity. Further, the allegations do not refer to any protected activity that would support a claim for retaliation. See 42 U.S.C. § 2000e-3(a) (prohibiting employers from discriminating against an employee because he has opposed an unlawful employment practice or has made a charge or otherwise participated in a proceeding under Title VII).

In sum, the allegations set forth in the administrative charge do not even vaguely correspond to the claims of retaliation and discrimination on the basis of race, sex, and religion that plaintiff attempts to assert against IBM in her amended complaint. Even construing the charge liberally, as is appropriate in this case, see Alvarado v. Bd. of Trs. Of Montgomery Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988) (observing that administrative charges are to be construed liberally, as they are generally not drafted by lawyers), the charge is not sufficient. Plaintiff did not mention any claims of retaliation or discrimination on the basis of race, sex, and religion in her administrative charge, therefore the charge was not sufficient to put the defendant on notice regarding any such claims. Where the allegations contained in an administrative charge are so vague so as to "never raise[] even

---

[5] The allegations set forth in the particulars section are fairly described as follows: (1) there was a rumor in the workplace that plaintiff was "writing a book against the company"; (2) the rumor "was an attempt to get [plaintiff] fired"; and (3) the rumor led plaintiff's employer to conduct an "investigation" of her that consisted of unspecified harassment in plaintiff's home and workplace, as well as secret surveillance of plaintiff's activities and conversations in her home.

12

the inference" that a particular claim exists, dismissal for failure to exhaust administrative remedies with respect to that claim is proper. See Taylor, 193 F.3d at 239.

Here, the EEOC charge plainly establishes that plaintiff has failed to exhaust her administrative remedies with respect to her claims against IBM, and plaintiff offers no evidence or persuasive argument to the contrary. When such a factual challenge is raised as to the basis for subject matter jurisdiction pursuant to Rule 12(b)(1), as here, the plaintiff bears the burden of proving subject matter jurisdiction exists. Richmond, 945 F.2d at 768. The court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts and not in dispute and the moving party is entitled to prevail as a matter of law." Id. Here, plaintiff has failed to meet her burden of establishing subject matter jurisdiction because she has not established that she has properly exhausted her administrative remedies. Plaintiff's claims against IBM, therefore, must be and are DISMISSED.

For the foregoing reasons, plaintiff's Title VII claims must be dismissed pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies. Plaintiff, in the amended complaint, invokes federal jurisdiction only pursuant to 42 U.S.C. § 2000e-5(f)(3), which confers jurisdiction over Title VII actions. In addition to the Title VII claims, the amended complaint makes fleeting references to various state law causes of action, albeit unaccompanied by meaningful supporting factual allegations. To the extent that plaintiff intended to assert separate state law claims, plaintiff does not invoke federal jurisdiction over those claims. The court in its discretion, having dismissed those Title VII claims which were the basis of the exercise of original federal jurisdiction, declines to exercise supplemental jurisdiction over any state law claims that plaintiff intends to assert. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to appoint counsel (DE # 21) is DENIED. Defendants' motion to dismiss the amended complaint (DE # 23) is GRANTED, as plaintiff has failed to exhaust her administrative remedies. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge